NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000049**
**05-JUN-2013**
**08:17 AM**

NO. CAAP-12-0000049

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
LOUIS PALAMA, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 10-1-0283)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendant-Appellant Louis Palama (Palama) appeals from the Judgment of Conviction and Probation Sentence (Judgment) entered on January 19, 2012, in the Circuit Court of the Fifth Circuit[1] (circuit court). Judgment was entered against Palama for (1) Driving a Motor Vehicle without a Valid Driver's License, in violation of Hawaii Revised Statutes (HRS) § 286-102 (2007 & Supp. 2012) and (2) Conditions of Operation and Registration of Motor Vehicles, in violation of HRS § 431:10C-104 (2005 Repl.).

Palama's point of error on appeal is that the circuit court erred by not allowing him to present evidence of the existence of the Kingdom of Atooi. Although the circuit court

---

[1] The Honorable Randal G.B. Valenciano presided.

allowed some evidence in this regard, it limited the evidence that could be presented.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Palama's appeal as follows:

Palama asks this court to reconsider its decision in State v. Fergerstrom, 106 Hawai'i 43, 101 P.3d 652 (App. 2004) to the extent necessary "to reverse his convictions or, in the alternative, to vacate and remand to the circuit court with instructions that the court find that he has a valid registration and driver's license issued by the Kingdom [of Atooi], and no obligation to carry motor vehicle insurance within the Kingdom."

As Palama correctly acknowledged, in Fergerstrom this court held that

> the State of Hawai'i has lawful jurisdiction over all persons operating motor vehicles on public roads or highways within the State of Hawai'i. Persons claiming to be citizens of the Kingdom of Hawai'i and not of the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads and highways within the State of Hawai'i.

Fergerstrom, 106 Hawai'i at 55, 101 P.3d at 664. Similarly, a person claiming to be a citizen of the Kingdom of Atooi is not exempt from the motor vehicle laws of the State of Hawai'i.

Recently, and subsequent to Fergerstrom, the Hawai'i Supreme Court, in State v. Kaulia, 128 Hawai'i 479, 291 P.3d 377 (2013), reaffirmed that an individual claiming to be a citizen of the Kingdom of Hawai'i rather than a citizen of the State is not exempt from the State's laws. The supreme court ruled as follows:

> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government. In that regard, we reaffirm that "[w]hatever

2

> may be said regarding the lawfulness" of its origins, "the State of Hawai'i ... is now, a lawful government." State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App.2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004). Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws. See id. at 55, 101 P.3d at 664; State v. Lorenzo, 77 Hawai'i 219, 883 P.2d 641 (App.1994); State v. French, 77 Hawai'i 222, 883 P.2d 644 (App.1994); Nishitani v. Baker, 82 Hawai'i 281, 921 P.2d 1182 (App.1996); State v. Lee, 90 Hawai'i 130, 976 P.2d 444 (1999).

Id. at 487, 291 P.3d at 385. The supreme court in Kaulia thus rejected the defendant's argument that the lower court should have allowed him to call a witness to present evidence of the existence of the Kingdom of Hawai'i to support a motion to dismiss. Id. at 482, 487, 291 P.3d at 380, 385.

Consistent with Fergerstrom and Kaulia, Palama is not exempt from application of the State's laws and the circuit court did not err in limiting the evidence that he could present regarding the existence of the Kingdom of Atooi.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence entered on January 19, 2012, in the Circuit Court of the Fifth Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 5, 2013.


On the briefs:

Mark R. Zenger
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
County of Kauai
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3